CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2005

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD M. SMITH, ) | |
| Plaintiff, ) | Civil Action No. 7:05-CV-00453 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BUREAU OF PRISONS, ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

Petitioner Bernard M. Smith, a Federal inmate located at the United States Penitentiary in Lee County and proceeding pro se, brings this Bivens action, with jurisdiction vested under 28 U.S.C. § 1343. Smith claims that Smith's Bureau of Prisons file contains incorrect information. Smith seeks monetary damages and injunctive relief in the form of correcting the alleged inaccuracies. This matter is before the court pursuant to the court's screening function, as set out in 28 U.S.C. § 1915A. A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. Because it is clear from the face of the complaint that Smith is not entitled to relief, this court must dismiss Smith complaint pursuant to 28 U.S.C. § 1915A(b)(1).

In his initial claim, Smith alleges that Smith's BOP file states that his "sentence computation was satisfied when he left their custody in 1991." Smith states that this is incorrect, but does explain what is incorrect about this statement or how his civil rights have been violated as a result of the allegedly incorrect information. It appears from the documents provided by Smith that Smith was boarded temporarily in the BOP for a D.C. conviction and returned to the D.C. Department of Corrections in 1991. Smith was then returned to the BOP in 2000 as part of the National Capital Revitalization and Self-Government Improvement Act of 1997. Smith goes on to state that he was not allowed to see the Parole Board in 1994. The statute of limitations on

a civil rights action is determined by state law. See Burnett v. Grattan, 468 U.S. 42 (1984) (explaining that there is no federal statute of limitations in a civil rights case). Virginia has a two-year statute of limitations. See Va. Code § 8.01-243(A). Therefore, the statute of limitations on any civil rights claim surrounding his failure to receive a parole hearing in 1994 expired almost ten years ago.

In his second claim, Smith alleges that he satisfied the BOP requirement of taking a drug education course in 1992. However, as noted in the response of M. Williams in a letter dated July 22, 2004, which Smith filed with his complaint, the BOP does not accept state-run drug education courses in place of the BOP drug education course. The certificate of completion of a drug education course provided by Smith clearly shows that it is from the District of Columbia and not the BOP. Therefore, it is clear that the course that Smith took does not meet the requirements of the BOP. As a result, Smith has not shown that the BOP records are inaccurate.

Smith has not alleged the deprivation of a constitutionally protected right. Although Smith alleges that his file contains inaccuracies, he has not provided any evidence to suggest this to be the case. Therefore, this court will file and dismiss this complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. An appropriate order will be entered this day.

ENTER: This ___27th___ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

Case 7:05-cv-00453-GEC-mfu    Document 2    Filed 07/27/05    Page 2 of 2    Pageid#: 14